STATE *vs.* JOHN MYETTE.

JULY 7, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Motor Vehicles. Lights. Statutes. Uncertainty.*

Gen. Laws 1909, cap. 86, § 16, provides, that "Every motor vehicle while in use on the public highways shall display on the rear of said vehicle a lamp so placed that it shall show a red light from the rear and a white light at the side, etc.":—

*Held,* that the language of the statute was equivalent to the statement that no motor vehicle should be used unless the prescribed lights were properly displayed:—

*Held,* further, that the statute by implication designated the person in control of the vehicle at the time of the commission of the offence as responsible for the violation of its provisions.

CRIMINAL COMPLAINT. Heard on certification from Superior Court.

DUBOIS, C. J. This is a criminal complaint charging that at Providence, on the eleventh day of May, 1909 "John Myette did wilfully and unlawfully use a motor vehicle; to wit an automobile, on Broad Street, a public highway, of said city of Providence; during the period from one hour after sunset to one hour before sunrise, to wit at 8:50 o'clock P. M. without a lamp so placed on the rear of such vehicle as to show a red light from the rear and a white light at the side and so arranged as to illuminate the rear number and marker against the statute and the peace and dignity of the State."

Upon arraignment thereon before the District Court of the

Sixth Judicial District, the defendant pleaded not guilty and admitted sufficient evidence to convict, and thereupon was adjudged guilty and took an appeal to the Superior Court, wherein he filed the following demurrer to the complaint:

"The defendant in the above entitled complaint, by his attorneys, comes and demurs to said complaint, and for causes of demurrer here shows to the court:

"1.    That said complaint states no offense known to the law.

"2.    That the statute, upon which said complaint is founded, imposes no obligation upon the driver of a motor vehicle.

"3.    That said statute, upon which said complaint is founded, is void for uncertainty in that it does not designate the person, whether owner, operator, or occupant of a motor vehicle, who shall be liable for the alleged defect in equipment."

Whereupon, under the provision of Gen. Laws, 1909, cap. 298, § 5, the following order was entered in the Superior Court:

"The above entitled cause came on to be heard upon demurrer of the defendant to the complaint herein, and, prior to trial upon the merits, and during said hearing upon demurrer, certain questions of law have arisen which, in the opinion of the court, are of such doubt and importance and so affect the merits of the controversy that they ought to be determined by the Supreme Court before further proceedings are had therein.

"That said questions are as follows:

"1.    Is that portion of Sec. 16, C. 1592 of the Pub. Laws, (re-enacted in Sec. 16, C. 86 of the Gen. Laws 1909) which provides that 'Every motor vehicle while in use on the public highways of this state . . . shall . . . display on the rear of said vehicle a lamp so placed that it shall show a red light from the rear and a white light at the side, and so arranged as to illuminate the rear number or marker.' . . void, for uncertainty, in that it does not designate the person who shall be liable for a violation thereof.

"2.    If the foregoing question is answered in the negative, is the liability limited to the owner of such motor vehicle?

"It is, therefore, hereby ordered that said questions be, and

the same hereby are, certified to the Supreme Court for determination.

"Entered as the order of the court this 11th day of February, A. D. 1910.

"By order.

"WALTER S. REYNOLDS,

"*Clerk.*"

So much of Gen. Laws, 1909, cap. 86, § 16, as is material to this consideration, reads as follows: "Every motor vehicle, while in use on the public highways of the state, shall be provided with adequate brakes, with a muffler and with a suitable bell, horn, or other device for signalling, and shall, during the period from one hour after sunset to one hour before sunrise, display one or more white lights on the forward part of such vehicle, so placed as to be seen from the front, and shall also display, on the rear of such vehicle, a lamp so placed that it shall show a red light from the rear and a white light at the side, and so arranged as to illuminate the rear number or marker, all of which said lights shall be of sufficient illuminating power as shall be prescribed by the state board of public roads."

The questions submitted to us involve the construction of a statute. The object of all interpretation and construction of constitutions, statutes, wills, or other instruments is to ascertain the intent of the makers thereof, in order to carry the same into effect.

"Statutes are seldom framed with such minute particularity as to give directions for every detail which may be involved in their practical application. Herein they are aided by the doctrine of implications. This doctrine does not empower the courts to go to the length of supplying things which were intentionally omitted from the act. But it authorizes them to draw inferences, from the general meaning and purpose of the legislature, and from the necessity of making the act operative and effectual, as to those minor or more specific things which are included in the more broad or general terms of the law, or as to those consequences of the enactment

which the legislature must be understood to have foreseen and intended. This is not the making of law by the judges. It is educing the will of the legislature by the logical process of inference. 'It is a rule of construction that that which is implied in a statute is as much a part of it as what is expressed.' And as a statute must always be construed with reference to the pre-existing law, it will often happen that many details are to be inferred from the general language of the act, which are understood as necessarily involved in it though not enumerated. For example, if a statute creates a new felony, or makes an act a felony which was before innocent, the new crime will necessarily possess all the incidents which appertain to felony by the rules and principles of the common law. Thus, by necessary implication, all persons who procure or abet the commission of the crime will be principals or accessories under the same circumstances which would make them such in a felony by the common law.

"As a general principle, whenever a statute creates a new duty or obligation, or prohibits an act which was previously lawful, it also gives, by implication, a corresponding remedy to secure its observance, which remedy may appertain either to the public, when a breach of public duty results from the violation of the act or to a private person, when he sustains injury by the same violation, and sometimes to both the public and the individual. Thus, it is a general rule of the common law that where a statute prohibits a matter of public grievance, or commands a matter of public convenience, and no special mode of prosecution for a violation of the statute is prescribed, it may be prosecuted by indictment." Black, Inter. Laws, Sec. 33 and cases cited.

(1)　In the statute under consideration mandatory words are used concerning the appliances required upon motor vehicles while in use. "Every motor vehicle while in use *shall be provided*" with certain appliances. As motor vehicles can not equip themselves automatically, human agency is presumed. The mandate set forth in the statute is equivalent to the statement that no motor vehicle shall be used without the required

appliances, nor unless the prescribed lights are properly displayed.

The intention of the legislature in the statute in question is clearly apparent. It is to prohibit, upon the public highways of the State, during certain hours of the day, the use of motor vehicles not lighted in the manner therein required. It does by implication designate the person who shall be liable for a violation thereof. That which is prohibited is the *use* of motor vehicles without the requisite appliances and lights, and the *user* is therefore liable to the penalty for violation. When the owner is the user, he alone is liable. The person in control of the motor vehicle at the time of the commission of the offence must be held responsible for the violations of the provisions of the statute. Consequently both questions must be answered in the negative.

Having thus decided the questions certified, the papers in the case, with this decision certified thereon will be remitted to the Superior Court for further proceedings.

*William B. Greenough, Attorney-General, Harry P. Cross, Second Assistant Attorney-General,* for State.

*Mumford, Huddy, & Emerson, George H. Huddy, Jr.,* for defendant.